8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aleda HOFFMAN, Plaintiff-Appellant,
v.
U.S. WEST INC., a Colorado Corporation, Defendant-Appellee.
 No. 92-35087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 29, 1993.
 
 1
 Before: WALLACE, WRIGHT and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Aleda Hoffman sued her late husband's employer, U.S. West, Inc., claiming that the company arbitrarily and capriciously denied her ERISA death benefits. The district court granted summary judgment for U.S. West. Aleda Hoffman appealed, and we now AFFIRM.
 
 FACTS AND PROCEEDINGS
 
 4
 Aleda Hoffman's husband, Lee Hoffman, was employed by U.S. West Communications, Inc., a subsidiary of U.S. West, Inc. On August 29, 1988, Lee Hoffman committed suicide.
 
 
 5
 At the time of her husband's death, Aleda Hoffman had moved out of the home she shared with her husband and was living in an apartment with her daughter from a previous marriage, Kelly. This living arrangement was precipitated by the discovery in May, 1988 that Lee had molested fifteen-year old Kelly. While living with Kelly, Aleda Hoffman maintained a variety of contacts with her husband. On the whole, Aleda's feelings about her marriage at the time of Lee's death appear to have been deeply ambivalent.
 
 
 6
 David Hoffman is one of two children born to Lee Hoffman by a previous marriage that ended in April, 1977. Thirteen-year-old David lived with his mother in Utah pursuant to a joint custody agreement. David customarily visited his father in the summer, and during these visits David was provided for by his father. The last such visit ended two months before Lee Hoffman's death, after which David returned to his mother's care.
 
 
 7
 Lee Hoffman's participation in U.S. West's Management Pension Plan (the Plan) entitled his beneficiaries to death benefits in the amount of one year's salary, a total of $43,330. The Plan distinguishes between mandatory and discretionary beneficiaries. Section 5(4)(a) of the Plan states that death benefits "shall be paid" to mandatory beneficiaries, defined as "the spouse of the deceased employee if living with him at the time of his death, or [ ] the unmarried child or children of the deceased employee under the age of 23 years ... who were actually supported in whole or in part by the deceased employee at the time of death" (emphasis added).
 
 
 8
 U.S. West elected to pay the entire death benefit to David Hoffman as the sole mandatory beneficiary. The company reasoned that Aleda Hoffman was not living with her husband at the time of his death, as required by the Plan, while David Hoffman had been "actually supported" by his father. Aleda Hoffman appealed both elements of the company's determination. However, in three separate stages of review, neither U.S. West Communications nor its parent company, U.S. West, agreed to recognize her as a mandatory beneficiary. This review was conducted with full knowledge of why Aleda Hoffman was living in an apartment at the time of Lee Hoffman's death.
 
 
 9
 Aleda Hoffman filed an action in state court seeking recovery of a debt on common law grounds. Defendant U.S. West obtained removal to federal court, and both parties now agree that the terms of ERISA, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (1988), control Hoffman's claim for benefits.
 
 
 10
 On subsequent cross-motions for summary judgment, the district court granted summary judgment for defendant U.S. West on the grounds that the company's denial of benefits to Aleda Hoffman was not arbitrary and capricious or an abuse of discretion. Hoffman timely appealed. This court has jurisdiction under 28 U.S.C. § 1291.
 
 ANALYSIS
 
 11
 This court conducts de novo review of a district court's grant of summary judgment. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 Aleda Hoffman
 
 12
 In cases where an ERISA plan clearly vests discretion in the plan's administrator, a court should review the administrator's benefits decision for "abuse of discretion." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Eley v. Boeing Co., 945 F.2d 276, 278 (9th Cir.1991). Hoffman does not deny that U.S. West's Plan vests discretion in the Plan's administrator to determine mandatory beneficiaries. Hoffman notes, however, that a conflict of interest on the part of the administrator may require this court to conduct more searching review than that implied by "abuse of discretion." But there is no conflict of interest here. U.S. West paid the entire benefits amount to David Hoffman. The company's monetary interest would have been unaffected by a decision to pay benefits to Aleda and David Hoffman as opposed to David Hoffman alone.
 
 
 13
 Administrators of an ERISA plan "abuse their discretion if they render decisions without any explanation, or construe provisions of the plan in a way that clearly conflicts with the plain language of the plan." Johnson v. Trustees of Western Conference of Teamsters Pension Trust Fund, 879 F.2d 651, 654 (9th Cir.1989). An administrator's decision must be supported by "substantial evidence," see Madden v. ITT Long Term Disability Plan, 914 F.2d 1279, 1285 (9th Cir.1990), cert. denied, 498 U.S. 1087 (1991), and must be based on a "reasonable interpretation" of the plan's terms. See MacDonald v. Pan American World Airways, Inc., 859 F.2d 742, 744 (9th Cir.1988) ( quoting McDaniel v. National Shopmen Pension Fund, 817 F.2d 1370, 1373 (9th Cir.1987)).
 
 
 14
 U.S. West Communications decided that Aleda Hoffman was not entitled to benefits because she was not "living with" her husband when he died. This decision did not conflict with the language of the Plan. Nor did the decision lack substantial evidence. Records prepared and letters sent by U.S. West Communications show that the company knew Aleda Hoffman's address was different from her husband's at the time of his death.
 
 
 15
 Hoffman claims that circumstances forced her to separate from her husband at the risk of losing custody of Kelly, and that she and her husband kept up their marriage despite the separation. Nevertheless, U.S. West Communications based its denial of benefits on a reasonable interpretation of the Plan. And even though the Employees' Benefit Committee of U.S. West Communications recommended that the benefits money be split between Aleda and David Hoffman, U.S. West's ultimate decision was not arbitrary and capricious. The decisionmakers were fully informed; they chose to deny benefits solely on the basis of their interpretation of the Plan's "living with" provision.
 
 
 16
 A motion for summary judgment is properly granted if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). There is no genuine issue of material fact where the nonmovant fails to establish the existence of an element essential to her case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Here, Aleda Hoffman raises no genuine issue of material fact as to whether U.S. West's decision was arbitrary and capricious. Consequently we find that the district court properly granted summary judgment for U.S. West.
 
 David Hoffman
 
 17
 U.S. West Communications determined that David Hoffman was a mandatory beneficiary based on a reading of the divorce decree between Lee Hoffman and Cynthia Ryan, David's mother. The decree states:
 
 
 18
 The parent in custody shall provide for the support of the minor child in his or her custody.
 
 
 19
 Although David was not living with his father when his father died, the Plan requires only that a child mandatory beneficiary be actually supported in part by the deceased employee. Lee Hoffman provided for his son during his son's regular visits. Lee Hoffman also furnished insurance for David. As a result, U.S. West's decision neither conflicted with the language of the Plan nor lacked a substantial basis in evidence.
 
 
 20
 Hoffman further claims that U.S. West acted arbitrarily and capriciously in its review of the initial determination. We disagree. The company showed no bad faith. The internal memoranda to which Hoffman points--Lia Owens' memo and the internal message stating a "need" to show David's dependency--are entirely consistent with the company's valid interpretation of the Plan.
 
 
 21
 We AFFIRM the grant of summary judgment.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3